**UNITED STATES of America,**
**Appellee,**

v.

**Jorge Antonio ANZORA, also known as Antonio Ancora, Defendant–Appellant.**

**No. 07–5046–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 7, 2008.

Yuanchung Lee, Federal Defenders of New York, New York, NY, for Appellant.

Elizabeth A. Geddes, Assistant United States Attorney, (Emily Berger, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Jorge Antonio Anzora appeals from a judgment entered November 7, 2007, in the United States District Court for the Eastern District of New York (Sifton, J.), convicting him, upon a guilty plea, of illegal reentry into the United States following deportation after a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). Judge Sifton sentenced Anzora to a term of 46 months' imprisonment, which was at the lowest end of the 46–57 month Guidelines range. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

On appeal, Anzora argues that his sentence was procedurally and substantively unreasonable. The standard for reasonableness review "is akin to review for abuse of discretion." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006). Such review "does not entail the substitution of our judgment for that of the sentencing judge." *Id.* In determining "whether a sentence is reasonable, [the Court] ought to consider whether the sentencing judge 'exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *Id.* (quoting *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005)). We have previously recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Id.* Here, Judge Sifton sentenced Anzora to a term of imprisonment at the low end of the advisory Guidelines range. We have considered Anzora's arguments and conclude that his sentence was not unreasonable.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.